**Michael J. LAVERY, Plaintiff—Appellant,**

v.

**CITY OF LAGUNA BEACH; Laguna Beach Police Department; Kenneth Frank; Debra Catrella; Greg Bartz, Defendants—Appellees.**

No. 02–55280.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 2003.

Filed April 10, 2003.

Amended May 20, 2003.

Decided May 20, 2003.

Before: LAY,* HAWKINS and TALLMAN, Circuit Judges.

### AMENDED MEMORANDUM **

Michael Lavery appeals the district court's orders granting summary judgment to the City of Laguna Beach and other individuals who work for the City and the City's Police Department. We affirm in part and reverse and remand in part.

We affirm the district court's summary judgment in favor of the City on Lavery's First Amendment challenges. The laws at issue are content neutral. Content neutrality is judged by whether the law "distinguish[es] favored speech from disfavored speech on the basis of the ideas or views expressed...." *Foti v. City of Menlo Park,* 146 F.3d 629, 636 (9th Cir. 1998) (quoting *Turner Broad. Sys. v. F.C.C.,* 512 U.S. 622, 643, 114 S.Ct. 2445, 129 L.Ed.2d 497 (1994)). Here, the ordinances do not discriminate on the basis of the views expressed. *See One World One Family Now v. City of Honolulu,* 76 F.3d 1009, 1012 n. 5 (9th Cir.1996).

As content neutral laws, the ordinances pass constitutional muster because they are narrowly tailored both facially and as applied. The City has a substantial interest in preventing commerce in Heisler Park, maintaining its aesthetic beauty, and structuring the orderly movement of pedestrians through the park. Without the prohibition on art shows and exhibitions, Heisler Park, because of its status as a popular destination, could become bogged down–both by crowds and aesthetically–by

---

* Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

artists selling their work in the park. *See id.* at 1013–14.

Nor do the ordinances grant unbridled discretion to government officials enforcing the law. Unlike the permit schemes in *Gaudiya Vaishnava Society v. City of San Francisco*, 952 F.2d 1059 (9th Cir.1991) and *City of Lakewood v. Plain Dealer Publishing Co.*, 486 U.S. 750, 108 S.Ct. 2138, 100 L.Ed.2d 771 (1988)–which provided officials the power to grant permits but did not articulate why, how, or when–the ordinances in this case do not give the city manager the "power to discriminate [which] raises the spectre of selective enforcement on the basis of the content of speech." *N.A.A.C.P., Western Region v. City of Richmond*, 743 F.2d 1346, 1357 (9th Cir.1984). Finally, we also agree with the district court that there are ample alternatives available for expression.

We also affirm the district court's judgment that the ordinances are neither facially vague nor overbroad. We do find, however, that the ordinances are unconstitutionally vague as applied to Lavery. A person of ordinary intelligence would not know whether placing one piece of art against a tree constitutes an art show or exhibition.

We affirm the district court's judgment on Lavery's retaliation claim because Lavery fails to present enough evidence to create a genuine issue of material fact that retaliatory intent was a motivating factor that caused his receipt of a citation.

Because we find that the ordinances are vague as applied to Lavery, we reverse the district court's grant of summary judgment to the City on the issue of municipal liability. But we affirm the district court's judgment on qualified immunity because Lavery cannot show that the police officers or other City officials acted unreasonably. We also affirm the district court's judgment on Lavery's equal protection claims for the reasons stated by the district court.

Each party to bear its own costs.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.